**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.**


| | |
|---|---|
| CHRISTINA GRIMES, | : No. 4 MAP 2014 |
| | : |
| Appellee | : Appeal from the Order of the Superior |
| | : Court dated March 19, 2013, |
| | : reconsideration denied June 11, 2013, at |
| v. | : No. 1289 EDA 2012, which |
| | : Affirmed/Reversed/Remanded the Order of |
| | : the Montgomery County Court of Common |
| ENTERPRISE LEASING COMPANY OF | : Pleas, Civil Division, dated March 29, 2012 |
| PHILADELPHIA, LLC, | : at No. 2011-CV-16695. |
| | : |
| Appellant | : ARGUED:   September 10, 2014 |


**OPINION**


**PER CURIAM**                                    **DECIDED:   December 15, 2014**

The Unfair Trade Practices and Consumer Protection Law (the "UTPCPL" or "Act")[1] provides a private cause of action to any person who, as a result of conduct that the UTPCPL prohibits, "suffers any ascertainable loss of money or property, real or personal."   73 P.S. § 201-9.2(a).   The Superior Court held here that Appellee Christina Grimes's retention of counsel to institute this suit constituted such an "ascertainable loss." We reverse.

The facts, which we have taken from Appellee's pleadings, are as follows.[2]

---

[1] 73 P.S. §§ 201-1 – 201-9.3.

[2] Because we are reviewing the grant of judgment on the pleadings, we regard as true the well-pleaded allegations of Appellee's pleadings, as she is the non-moving party, and consider against her only those factual allegations in Appellant's pleadings that Appellee has admitted.  Bowman v. Sunoco, Inc., 65 A.3d 901, 904 (Pa. 2013) (quoting
(continued…)

Appellee signed a contract in December 2010, to rent a car from Appellant Enterprise Leasing Company of Philadelphia, LLC ("Enterprise"). She agreed in the contract that she would pay for repairs for any damage the car incurred during the rental period, along with any administrative, loss-of-use, and diminishment-in-value fees. The contract set forth formulas for calculating the loss-of-use and diminishment-in-value fees. It also contained a power-of-attorney clause allowing Enterprise to request payment for any unpaid "claims, damages, liabilities, or rental charges" directly from Appellee's insurance carrier or credit card company. When Appellee returned the car following the rental, an Enterprise employee informed her that she was responsible for a scratch on the car. Enterprise later sent Appellee a letter with an estimate for repairs and an invoice for administrative, loss-of-use, and diminishment-of-value fees, for a total of $840.42. Complaint, Exhibit A at 3 & ¶¶ 14-15.

Appellee, represented by counsel, instituted this action against Enterprise in June 2011, by filing a six-count complaint that included a claim for damages under the UTPCPL's "catchall" provision. See 73 P.S. § 201-2(4)(xxi) (prohibiting "fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding"). The UTPCPL allows any person who, as a result of a UTPCPL violation, suffers "any ascertainable loss of money or property, real or personal," to bring suit:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by [73 P.S. § 201-3] may bring a private action, to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages

(…continued)
Pennsylvania Dept. of Banking v. NCAS of Delaware, LLC, 948 A.2d 752 (Pa. 2008)).

sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

73 P.S. § 201-9.2(a).

Appellee's complaint alleged that Enterprise had engaged in deceptive acts and had made misrepresentations by charging her unconscionable fees bearing no reasonable relationship to the costs of repairing the alleged damage to the car. Complaint ¶¶ 51, 56-58. She further averred that Enterprise had demanded payment and sought to collect directly from either her auto insurer or her credit card issuer, and alleged generally that she had suffered damages. Complaint ¶¶ 19, 20, 53, 59-60. Enterprise counterclaimed for the $840.42, and Appellee admitted in her reply to the counterclaim that she had not paid any part of the disputed sum.

Enterprise then moved for judgment on the pleadings, stating that if the court ruled in its favor, it would cease its collection efforts. The trial court granted the motion and dismissed the action. Regarding the UTPCPL claim, the court concluded that the pleadings did not establish a pecuniary loss, noting Enterprise's praecipe to discontinue its counterclaims and its stipulation to cease its collection efforts. Trial Court Opinion, 7/3/12, at 2-3. Appellee appealed to the Superior Court.

The Superior Court reversed as to Appellee's UTPCPL claim, concluding that Appellee had sufficiently pled an "ascertainable loss." Grimes v. Enterprise Leasing Co. of Phila., LLC, 66 A.3d 330, 339 (Pa.Super. 2013). The court considered Enterprise's alleged threats to collect the $840.42 from Appellee's auto insurance carrier and her credit card issuer, and Appellee's hiring counsel to file suit to halt Enterprise's collection efforts, to be sufficient to satisfy the "ascertainable loss" requirement. The court also pointed out that Enterprise had stipulated that it would cease its collection efforts only if the trial court granted its motion. In support of its decision, the Superior Court cited to a

case it had decided in support of the proposition that this Court has engaged in the "consistent reminder that the UTPCPL 'should [be] liberally construe[d] ... in order to effect the legislative goal of consumer protection.'" Grimes, supra, at 339 (quoting Fazio v. Guardian Life Ins. Co. of Am., 62 A.3d 396, 405 (Pa.Super. 2012)).

The Superior Court further supported its decision with a citation to Jarzyna v. Home Properties, L.P., 763 F.Supp.2d 742, 745 (E.D. Pa. 2011). There, a landlord withheld a tenant's security deposit and took steps to collect other sums, and the tenant brought a claim against the landlord under the UTPCPL. The federal district court concluded that the tenant had alleged an "ascertainable loss" because he had alleged that the landlord had unlawfully withheld his security deposit, and that the tenant had to retain counsel in order to obtain relief.

The Superior Court additionally cited Agliori v. Metropolitan Life Ins. Co., 879 A.2d 315, 320 (Pa.Super. 2005). In that case, a decedent's estate had sued under the UTPCPL asserting that an insurer had used deceptive practices to persuade the decedent to surrender three life insurance policies so he could buy a single policy from the insurer. The Superior Court concluded that the estate had suffered an "ascertainable loss" because the death benefit from the surrendered policies would have exceeded the benefit under the new policy. The court stated that if it were to rule otherwise, "the deterrence value of the statute [would be] weakened, if not lost entirely." Id. at 322. The Superior Court here cited Agliori's reference to "the deterrence value of" the UTPCPL to justify its conclusion that Appellee had properly pled an "ascertainable loss." The court stated that, but for this suit, Enterprise would have "[p]resumably … long since collected the disputed charges." Grimes, supra at 339.

We granted review to consider the following question, as Enterprise phrased it in its Petition for Allowance of Appeal:

Whether the Superior Court erred when it held that a plaintiff may satisfy the UTPCPL's "ascertainable loss" requirement by voluntarily hiring an attorney and allegedly incurring litigation costs to challenge allegedly wrongful conduct, even where, as here, the plaintiff paid no money to the defendant as a result of that conduct.

Grimes v. Enterprise Leasing Co. of Phila., 84 A.3d 1058 (Pa. 2014).[3]

Before this Court, Enterprise argues that merely retaining an attorney to commence suit cannot satisfy the UTPCPL's "ascertainable loss" element. Enterprise argues that if that proposition was correct, then anyone can meet the "ascertainable loss" requirement simply by finding a lawyer to bring a lawsuit, without actually suffering a loss of money or property. Enterprise criticizes the Superior Court's application of the notion that the UTPCPL should be liberally construed as leading to a result that is contrary to the Act's plain language. Enterprise maintains that because Appellee admits that she has never paid any of the disputed fees, she has not suffered an "ascertainable loss of money or property, real or personal."

Appellee responds that her retention of counsel satisfies the "ascertainable loss" requirement. She maintains that the availability under the UTPCPL of costs and attorneys' fees does not bar "consideration of the expenditure" of such costs and fees as an "ascertainable loss," if the costs and fees were a direct result of the act giving rise to the lawsuit. Appellee's Brief at 45. She emphasizes that the General Assembly added the provision for costs and fees so that consumers who had been deprived of small amounts of money could afford to bring UTPCPL suits. Appellee argues that, in order to effectuate that purpose, we should construe the "ascertainable loss" requirement liberally

---

[3] Although we also granted review to consider whether a private plaintiff who alleges deceptive conduct under the UTPCPL's "catchall" provision need not plead or prove justifiable reliance, we will not address that question because the "ascertainable loss" issue is dispositive.

and conclude that her allegations suffice. She also argues that we should not permit Enterprise to deprive her of standing by agreeing to cease its collection efforts, and thereby avoid the UTPCPL's strictures. She asserts that such a ruling will weaken the enforcement of the Act's provisions.

Because the issue comes to us on appeal from the grant of judgment on the pleadings, we are in effect faced with a demurrer to the pleadings. See Emerich v. Phila. Ctr. for Human Dev., Inc., 720 A.2d 1032, 1034 n.1 (Pa. 1998). Our review of the grant of a motion for judgment on the pleadings is limited to whether the trial court committed an error of law or whether unresolved questions of material fact remained. Because the question of whether judgment on the pleadings was proper is a question of law, our scope of review is plenary. Bowman, 65 A.3d at 904. The question before us, then, is whether the factual allegations in Appellee's pleadings, together with the allegations she has admitted in Enterprise's pleadings, would be sufficient to support a verdict in Appellee's favor.

We conclude that they would not. Appellee never asserted in her primary pleading, or admitted in a response to Enterprise's pleadings, a loss of money or property due to Enterprise's alleged UTPCPL violations. Indeed, she admitted that she has never paid anything toward the outstanding bill, and she has not argued that the unpaid bill, standing alone, meets the "ascertainable loss" requirement. Her assertion on appeal is that the mere retention of counsel constitutes an "ascertainable loss"; this assertion is insufficient to withstand a motion for judgment on the pleadings because the assertion was never made in a pleading before the court below. See Pa.R.C.P. 1017(a) (limiting the pleadings in a civil action to a complaint; an answer; a reply if the answer contains either new matter, a counterclaim or a cross-claim; a counter-reply if the reply contains new matter; preliminary objections; and response to preliminary objections).

Even if Appellee had made the relevant allegations in a pleading, we hold that the mere acquisition of counsel would not suffice to satisfy the "ascertainable loss" requirement. Whether a relevant "ascertainable loss" was suffered here requires us to determine and effectuate the meaning the General Assembly intended to convey in its statutory language. 1 Pa.C.S. § 1921(a); Commonwealth v. Rushing, 99 A.3d 416, 423 (Pa. 2014). If we conclude that the statutory language is ambiguous, we turn to the tools of statutory construction to determine the intended meaning. 1 Pa.C.S. § 1921(c); Bricklayers of W. Pa. Combined Funds, Inc. v. Scott's Dev. Co., 90 A.3d 682, 690 (Pa. 2014). Statutory text is ambiguous if it is susceptible to two or more reasonable interpretations. Warrantech Consumer Prods. Servs., Inc. v. Reliance Ins. Co. in Liquidation, 96 A.3d 346, 354-55 (Pa. 2014). We also engage in certain presumptions when construing a statute, including the presumption that the General Assembly did not intend a result that is absurd, impossible of execution, or unreasonable. 1 Pa.C.S. § 1922(1); Commonwealth v. Hall, 80 A.3d 1204, 1211 (Pa. 2013).

Here, the operative statute initially provides for damages relative to "ascertainable loss[es]," then separately provides for awards of "costs and reasonable attorney fees." 73 P.S. §201-9.2(a). This express authorization of attorney fees awards is "in addition to other relief provided in this section," which "other relief" encompasses the damages made available as compensation for ascertainable losses. The fees are derivative and consequential. Section 9.2(a)'s plain language makes it readily apparent that the General Assembly deemed ascertainable losses and attorneys' fees to be distinct items for redress. Appellee's construction of the "ascertainable loss" element as including attorney fees is unreasonable, and contradicted by the plain language of the statute. Moreover, as Enterprise has pointed out, Appellee's reading would allow a plaintiff to manufacture the "ascertainable loss" required to bring a private UTPCPL claim simply by

obtaining counsel to bring a private UTPCPL claim; we presume that such an unreasonable result was not intended by the General Assembly. Because Appellee's argument is not premised upon a reasonable interpretation of the statutory language, neither her resort to the asserted purpose for which the Act allows costs and attorneys' fees, nor the Superior Court's reliance on the "deterrence value" of the UTPCPL, is persuasive. In either case, we would still be left with the untenable result that a plaintiff could incur an "ascertainable loss" simply by hiring counsel.

A similar infirmity attends Appellee's additional assertion that Enterprise's position will weaken enforcement of the Act. Moreover, that argument runs counter to the overall statutory scheme. The UTPCPL's private right of action is not a general-purpose enforcement provision. Rather, the Act confers on the Attorney General and district attorneys the power to bring actions in the public interest to enforce the Act. See 73 P.S. § 201-4. Only those who can meet the requirements of the UTPCPL's private cause of action may bring a personal action, and Appellee's allegations simply do not satisfy the statutory "ascertainable loss" element.

The decisions in Jarzyna, supra, and Agliori, supra, also do not help Appellee's cause. In both cases, the plaintiff had alleged a specific loss of money. In Jarzyna, the plaintiff asserted that his landlord withheld his security deposit; in Agliori, the plaintiff claimed that he had been deprived of insurance benefits. As for Enterprise's stipulation, we do not dispute the general proposition that a defendant should not be permitted to evade a legal obligation by stipulating away a plaintiff's standing. But, the fact remains that it was Appellee who insufficiently pleaded an "ascertainable loss." Thus, her UTPCPL claim cannot survive.

Finally, there is some force in the observations of other jurisdictions addressing similar provisions in state consumer protection statutes, that if attorneys' fees were to be

considered in the calculation of "ascertainable loss," the explicit provision for the award of attorneys' fees would be superfluous. See e.g., Jones v. Midland Funding, LLC, 755 F.Supp.2d 393, 398 (D.Conn. 2010) (applying Connecticut law and holding that expenses incurred by a plaintiff in consulting an attorney and bringing suit do not constitute "ascertainable loss" under Connecticut consumer protection statute); C.A.R. Tow, Inc. v. Corwin, 708 P.2d 644, 646 (Or. Ct. App. 1985) ("Although even a very small loss can qualify as an 'ascertainable loss,' … attorney fees are not the type of loss that [the unfair trade practices statute] contemplates, because the legislature provided an independent basis for the recovery of attorney fees." (citations omitted)).

The order of the Superior Court is reversed. Jurisdiction is relinquished.


Former Justice McCaffery did not participate in the decision of this case.

Mr. Chief Justice Castille, Messrs. Justice Saylor, Eakin and Baer, Madame Justice Todd and Mr. Justice Stevens join the per curiam opinion.