**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3429
_____

KENNETH J. TAGGART,
Appellant

v.

NEW CENTURY FINANCIAL SERVICES INC; STOCK & GRIMES LLP;
PRESSLER & PRESSLER LLP; PRESSLER WARSHAW & FELT LLP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-04261)
District Judge:  Honorable Gerald A. McHugh
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2024
Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: April 18, 2024)
_____

OPINION[*]
_____

PER CURIAM

Kenneth Taggart appeals pro se from the District Court's order granting summary

judgment against him. For the following reasons, we will affirm the District Court's

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

judgment.

I.

Taggart was the defendant in a debt-collection lawsuit that was initiated by New Century Financial Services ("New Century") through its attorneys—a firm now known as Pressler, Felt & Warshaw, LLP ("PFW")—in the Pennsylvania Court of Common Pleas for Bucks County. See Compl., New Century Fin. Servs., Inc. v. Taggart, No. 2014-04566 (Pa. Ct. Com. Pl. July 2, 2014) (reproduced at ECF No. 1-2). While that protracted litigation continued, Taggart brought a new action against New Century and PFW in state court in 2020, alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") and Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), alongside common-law claims of defamation, fraud, and other tortious acts, all arising from New Century's collection suit. See generally ECF No. 1-1.

New Century then removed Taggart's action to the U.S. District Court for the Eastern District of Pennsylvania, opening the case that is the subject of this appeal. See Notice of Removal, ECF No. 1. There were significant delays as Taggart attempted to serve a third defendant; the District Court eventually dismissed that third defendant for lack of service. See ECF No. 33. After the parties began discovery, Taggart informed New Century and PFW that he had filed a petition for Chapter 11 bankruptcy protection. See In re Taggart, No. 2:21-bk-12476 (Bankr. E.D. Pa. Sept. 9, 2021).

In November 2021, Taggart filed a motion in the District Court seeking to enforce a settlement agreement that he claimed had been reached by the parties. See ECF No. 37.

2

New Century and PFW responded by moving for summary judgment, asserting that no settlement agreement had been reached and that Taggart was entitled to no relief. See ECF Nos. 38 & 39. The District Court issued an opinion and order denying the motion to enforce the settlement in December 2021, concluding that any agreement was voidable because the lawyer who represented Taggart in the negotiations had done so with the knowledge of his imminent suspension from the practice of law, which he fraudulently concealed from New Century and PFW during the negotiations. See ECF No. 41 at 4.

However, the District Court later granted Taggart's motion for reconsideration in part and ordered an evidentiary hearing so that Taggart could build the record as to the existence of a settlement. See ECF No. 53. Following that hearing, the District Court issued a new opinion that again concluded there was no valid settlement agreement between the parties and granted summary judgment in favor of New Century and PFW. See ECF No. 55. Specifically, the District Court concluded that three of Taggart's claims under the FDCPA were untimely, as were his FCEUA and common-law claims; his fourth FDCPA claim failed because he had not timely requested verification of his debt; his standalone claim labeled "respondeat superior" was not a valid cause of action; and his UTPCPL claim failed because he had not sufficiently pleaded the element of ascertainable loss. See id. at 7–14. After Taggart's motion for reconsideration was denied, he timely filed a notice of appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291,[1] and we exercise plenary review over the District Court's grant of summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party, in whose favor all justifiable inferences are drawn. See Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). We construe Taggart's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## III.

As New Century argues, Taggart's opening brief did not properly raise any claims of error. See Appellee Br. 14–18, CA3 ECF No. 23. He does not challenge the timeliness ruling as to his common-law claims at all, and his only argument as to the timeliness of his FDCPA and FCEUA claims is devoid of citations to any law supporting his position that the statutes of limitations for such claims are enlarged by the UTPCPL. See Appellant Br. 17, § VII, CA3 ECF No. 14. Taggart's opening brief also does not mention the District Court's conclusion that his remaining FDCPA claim failed because of the

---

[1] Following removal from Pennsylvania state court, the District Court properly exercised jurisdiction over this action raising questions of federal and state law. See 28 U.S.C. §§ 1331, 1367, 1441(a) & (c).

4

dispositive finding that his request for verification of the debt he owed was untimely, see ECF No. 55 at 10–11, and instead focuses on whether New Century and PFW adequately showed the chain of custody for and ownership of his debt, see Appellant Br. 11–17. And he never mentions the District Court's conclusion that his "respondeat superior" claim was not an independent cause of action. Overall, Taggart's presentation is not adequate to preserve any issue for appeal. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) ("[B]ecause they fail to develop [two] argument[s] in their opening brief, the Court holds that the [appellants] have forfeited these claims."); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

Moreover, even if we were to construe Taggart's briefing as adequate to challenge each of the District Court's conclusions, we discern no error. His FDCPA and FCEUA claims were brought well outside the respective one- and two-year statutes of limitations. See ECF No. 55 at 8–9 (citing, inter alia, 15 U.S.C. § 1692k(d) & 73 Pa. Stat. § 2270.5). His common-law claims arising out of the conduct of the litigation are time barred under Pennsylvania's statutes of limitations. See id. at 9–10 (citing 42 Pa. Stat. §§ 5523(1) & 5524). His request for debt verification under the FDCPA was untimely by many years. See id. at 10–11 (citing, inter alia, 15 U.S.C. § 1692g(a)). And he identified no loss beyond litigation expenses and attorney fees in relation to his UTPCPL claim, which is insufficient to allege the element of "ascertainable loss" under that statute. See id. at 12 (citing, inter alia, Grimes v. Enter. Leasing Co. of Phila., 105 A.3d 1188, 1193–94 (Pa. 2014)).

5

Taggart does argue in his brief that the District Court should have refrained from exercising jurisdiction after removal from state court based on the "first-filed" rule, because of his counterclaims in New Century's separate, pending debt-collection proceeding in state court. See Appellant Br. 3, § VI.A; see also EEOC v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988) (elaborating "first-filed" rule). Aside from being entirely inapplicable to purportedly parallel federal and state actions, see City of New York v. Exxon Corp., 932 F.2d 1020, 1025 (2d Cir. 1991) ("The first filed rule states that where an action is brought in *one federal district court* and a later action embracing the same issue is brought in *another federal court*, the first court has jurisdiction to enjoin the prosecution of the second action." (internal quotation marks omitted and emphasis added)), this argument was not presented to the District Court, so Taggart cannot pursue it for the first time on appeal, see Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013).

Crucially, Taggart's opening brief also does not challenge the District Court's conclusion that there was no valid settlement agreement between the parties. In any event, he could not have. The District Court found that Taggart had not credibly testified to the existence of a valid agreement. See ECF No. 55 at 5. Taggart's own motion to enforce the agreement noted that PFW had never assented. See ECF No. 37 at 2; see also ECF No. 48 at 5–9 (reproducing proposed settlement agreement with blank signature lines for PFW). As the District Court recognized, the proposed settlement "was clearly designed as a joint settlement that required the agreement of all parties . . . and in the absence of the assent of [PFW], it cannot be said that there was an agreement." ECF No.

6

55 at 5 (citing ECF No. 48). Moreover, the District Court also correctly noted that "the proposed settlement agreement specifically provided that the settlement would have had to have been approved by the Bankruptcy Court, and were approval denied, the Agreement would become 'null and void.'" Id. at 6 (quoting ECF No. 48 at 7–8, ¶ 9). The Bankruptcy Court expressly declined to approve this settlement when presented with it. See Order, In re Taggart, No. 2:21-bk-12476, at ECF No. 140 (Bankr. E.D. Pa. Feb. 23, 2022). The Bankruptcy Court then dismissed Taggart's Chapter 11 petition altogether, and we affirmed that decision. See C.A. No. 23-1251. So, the District Court did not err in concluding that there was no valid settlement agreement.[2]

Finally, to the extent that Taggart challenges the District Court's denial of his motion for reconsideration, we discern no abuse of discretion. See United States v. Kalb, 891 F.3d 455, 459, 467 (3d Cir. 2018).

Accordingly, we will affirm the District Court's judgment.[3]

---

[2] Because we affirm the finding that there was no valid settlement agreement, we need not reach the issues identified by the District Court in concluding in the alternative that, even if there were an agreement, it would be void or voidable.

[3] Taggart's motion for leave to file exhibits is denied as unnecessary. We previously granted Taggart's motion to proceed on the original record and we have reviewed the entire record.