**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-2826 & 23-2986
_____

In re: KENNETH J. TAGGART, Debtor


KENNETH J. TAGGART,
Appellant

v.

PHH MORTGAGE CORP;
TIAA BANK, a/k/a TIAA Bank Home Lending f/k/a or a/k/a
Everbank

_____

On Appeal from the United States District Court
for the District Court for the Eastern District of Pennsylvania
(D.C. Civil Nos. 2:22-cv-00302 & 2:22-cv-00309)
District Judge: Honorable John M. Younge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 14, 2025

Before: PHIPPS, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: February 26, 2025)

_____

OPINION[*]

_____

FREEMAN, *Circuit Judge*.

While Kenneth J. Taggart's Chapter 11 proceedings were ongoing, the Bankruptcy Court heard Taggart's adversary proceeding against PHH Mortgage Corporation ("PHH") and TIAA Bank ("TIAA") (together, "the Companies"). The Bankruptcy Court declined to remand the adversary proceeding to the state court, and it dismissed Taggart's complaint for failure to state a claim. The District Court affirmed both orders.

In Appeal No. 23-2826, Taggart seeks review of the Bankruptcy Court's order denying his motion to remand. We will dismiss that appeal for lack of jurisdiction.

In Appeal No. 23-2986, Taggart seeks review of the Bankruptcy Court's order dismissing his complaint in the adversarial proceeding. We will affirm that order insofar as it dismisses Taggart's claims against PHH. However, Taggart's claims against TIAA are non-core proceedings, so the Bankruptcy Court lacked jurisdiction to dismiss them. Only the District Court had jurisdiction to enter a final order on the claims against TIAA. Thus, we will remand those claims to the District Court so it can treat the Bankruptcy Court's decision as to TIAA as proposed findings of fact and conclusions of law.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

# I

In 2021, Taggart filed a complaint in Pennsylvania state court challenging the Companies' mortgage lien on his property. Two months later, he filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania. He listed the Companies as secured creditors because of the lien but noted his dispute of each company's claim on his property. PHH filed a proof of claim in the bankruptcy action, but TIAA did not.

The Companies removed Taggart's state court action to the Bankruptcy Court. They asserted that the Bankruptcy Court had jurisdiction on two bases: because Taggart's claims against the Companies were core proceedings arising in Taggart's bankruptcy case, and because of diversity of citizenship. The matter was docketed as an adversary proceeding connected to the bankruptcy action.

Taggart moved to remand the adversary proceeding to state court, arguing that the removal was untimely. While his remand motion was pending, he also filed an amended complaint. The Bankruptcy Court denied Taggart's motion to remand and entered an order purporting to dismiss his amended complaint against both Companies for failure to state a claim.

Taggart timely appealed to the District Court, which affirmed the Bankruptcy Court's order denying the motion to remand. The District Court also entered an order purporting to affirm the Bankruptcy Court's order dismissing the amended complaint. After the District Court declined to reconsider those orders, Taggart timely appealed to us, and we consolidated the appeals for disposition.

3

## II

We lack jurisdiction to consider Taggart's appeal of the Bankruptcy Court's decision not to remand his adversary proceeding to state court (Appeal No. 23-2826).[1] "[T]he bankruptcy removal statute . . . bars a court of appeals' review of decisions to remand or not to remand made on the basis of 'any equitable ground.'" *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 244 (3d Cir. 2007) (quoting 28 U.S.C. § 1452(b)). Here, the Bankruptcy Court considered Taggart's argument that the removal was untimely, rejected that argument, and declined to remand. That was a decision made on the basis of an equitable ground. *Id.* at 246. Accordingly, we lack jurisdiction to review it.

## III

In Appeal No. 23-2986, the District Court had jurisdiction under 28 U.S.C. § 158(a)(1) to hear an appeal from the Bankruptcy Court's dismissal and remand orders.[2] We have jurisdiction under 28 U.S.C. § 158(d)(1) and 28 U.S.C. § 1291 to hear an appeal of the District Court's order entered under 28 U.S.C. § 158(a).

In reviewing bankruptcy court decisions on appeal, we "stand in the shoes" of the district court and apply the same standard of review. *In re Glob. Indus. Techs., Inc.*, 645 F.3d 201, 209 (3d Cir. 2011) (en banc) (quoting *In re Krystal Cadillac Oldsmobile GMC*

---

[1] We always have jurisdiction to consider our own jurisdiction. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002).

[2] As we will discuss below, the Bankruptcy Court did not enter a final order on Taggart's claims against PHH because it lacked jurisdiction to do so.

*Truck, Inc.*, 142 F.3d 631, 635 (3d Cir. 1998)). We give plenary review to a bankruptcy court's legal determinations. *In re Imerys Talc Am., Inc.*, 38 F.4th 361, 370 (3d Cir. 2022). Legal determinations include rulings on motions to dismiss, *In re Hertz Corp.*, 120 F.4th 1181, 1191 (3d Cir. 2024), whether proceedings are core or non-core, *Seven Fields*, 505 F.3d at 253, and whether to exercise mandatory abstention under 28 U.S.C. § 1334(c)(2), *In re Exide Techs.*, 544 F.3d 196, 205 (3d Cir. 2008).

## A

Taggart argues that the Bankruptcy Court lacked jurisdiction to enter a final judgment in the adversary proceeding against the Companies because the claims were non-core. He is partially correct. The claims against PHH were core proceedings, but the claims against TIAA were not.

Absent the consent of the parties, a bankruptcy court has jurisdiction to enter final judgments only in core proceedings. *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999) (citing 28 U.S.C. § 157(b)(1)). In non-core proceedings, a bankruptcy court's "adjudicatory power is limited to hearing the dispute and submitting 'proposed findings of fact[] and conclusions of law to the district court.'" *Id.* (quoting 28 U.S.C. § 157(c)(1)).

To determine whether a claim is a core proceeding, a court first looks to the "illustrative list of proceedings" found in 28 U.S.C. § 157(b)(2). *In re Winstar Commc'ns, Inc.*, 554 F.3d 382, 405 (3d Cir. 2009) (quoting *Halper*, 164 F.3d at 836). If the claim at issue fits within one of the items on that list, the claim is core if it (1)

5

"invokes a substantive right provided by title 11," or (2) "is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." *Id.* (quoting *Halper*, 164 F.3d at 836).

In his complaint against the Companies, Taggart brings state-law claims for breach of contract, quiet title, and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). All of these claims challenge the validity of the lien on property that is part of the bankruptcy estate. Therefore, the claims against both Companies fit within at least one of the items on § 157(b)(2)'s illustrative list: "determinations of the validity, extent, or priority of liens." 28 U.S.C. § 157(b)(2)(K).

Turning to the next step of our inquiry, our precedent establishes that Taggart's claims against PHH are core proceedings. As noted above, PHH filed a proof of claim in Taggart's bankruptcy action. And "it is axiomatic that filing a proof of claim triggers the claims allowance process under 11 U.S.C. § 501 et seq., which, by its very nature, is a 'core' proceeding that can arise *only* in a title 11 case." *Exide Techs*, 544 F.3d at 214 (citations omitted); *see Winstar*, 554 F.3d at 405 (core proceeding is one that "could arise only in the context of a bankruptcy case.").

By contrast, TIAA did not file a proof of claim. Because Taggart disputed TIAA's claim against his property, TIAA was obligated to file a proof of claim to be considered a creditor in the bankruptcy action. Fed. R. Bankr. P. 3003(c)(2). Absent that proof of claim, Taggart's claims against TIAA do not implicate the claims-allowance process. *See* 11 U.S.C. § 502(b)(9) (courts shall only consider payment to creditor of a disputed claim when creditor timely files proof of claim). Nor is there anything else about the nature of

the claims against TIAA that puts the claims exclusively within the province of a bankruptcy case. *Winstar*, 554 F.3d at 405. The claims also do not invoke a substantive right provided by title 11, insofar as they arise under state law and not under the Bankruptcy Code. Therefore, Taggart's claims against TIAA are non-core. *See Halper*, 164 F.3d at 836.

Because Taggart's claims against TIAA are non-core, the Bankruptcy Court lacked jurisdiction to dismiss them. Thus, we will vacate the District Court's order insofar as it purports to affirm the dismissal of the claims against TIAA, and we will remand those claims to the District Court. Upon remand, the District Court shall treat the Bankruptcy Court's discussion of TIAA's motion to dismiss as proposed findings of fact and conclusions of law subject to the District Court's de novo review.[3,4]

---

[3] Although we use the statutory phrase "proposed findings of fact and conclusions of law," 28 U.S.C. § 157(c)(1), the Bankruptcy Court addressed a Rule 12(b)(6) motion, so it had no occasion to propose any findings of fact.

[4] Taggart argues that the Bankruptcy Court needed to abstain from ruling on the claims against the Companies. He is incorrect. The mandatory abstention provision of 28 U.S.C. § 1334(c)(2) applies only to non-core proceedings. *Exide Techs*, 544 F.3d at 206. As discussed above, only the claims against TIAA are non-core. And mandatory abstention is warranted only if, *inter alia*, federal courts would not have jurisdiction over a non-core proceeding absent its relation to a bankruptcy case. *Id.* at 218 n.14. Here, Taggart and TIAA are citizens of different states, and the amount in controversy exceeds $75,000.00. Therefore, diversity of citizenship provides an independent basis for federal jurisdiction, so there are no grounds for mandatory abstention.

Additionally, we lack jurisdiction to review the Bankruptcy Court's decision on permissive abstention. 28 U.S.C. § 1334(d).

B

The Bankruptcy Court properly dismissed Taggart's claims against PHH. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also In re Energy Future Holdings Corp.*, 990 F.3d 728, 736 n.1 (3d Cir. 2021) (noting that Bankruptcy Rule 7012, which governs adversary proceedings, incorporates Rule 12(b)(6)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Taggart's allegations fall well short of this standard. To state a breach-of-contract claim under Pennsylvania law, he needed to allege facts plausibly supporting three elements: "(1) the existence of a contract, including its essential terms; (2) a breach of the contract; and (3) resultant damages." *Doe v. Univ. of Scis.*, 961 F.3d 203, 211 (3d Cir. 2020) (quoting *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016)) (cleaned up). But he alleged that no valid contract exists between him and PHH. This is fatal to his breach-of-contract claim. To the extent that he alleged in the alternative that he does have a contract with PHH, he did not identify the essential terms of the contract or how PHH breached those terms.

Similarly, Taggart's allegations do not plausibly support a UTPCPL claim against PHH. A plaintiff seeking relief under the UTPCPL must plead (among other elements) that he suffered an "ascertainable loss of money or property" as a result of the defendant's unlawful conduct. *Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 646 (Pa. 2021) (quoting 73 Pa. Cons. Stat. § 201-9.2(a)). But Taggart alleged no loss of money or property other than litigation costs and attorney fees. As we previously informed him, those do not constitute an "ascertainable loss" under Pennsylvania law. *See Taggart v. New Century Fin. Servs. Inc.*, No. 22-3429, 2024 WL 1672256, at \*2 (3d Cir. Apr. 18, 2024); *Grimes v. Enter. Leasing Co. of Phila., LLC*, 105 A.3d 1188, 1193–94 (Pa. 2014).

Finally, Taggart's claims for quiet title and for declaratory relief against PHH fail because he did not allege that he holds title to the property that is superior to PHH's disputed interest in the property that he scheduled in his bankruptcy petition.[5] *See Woodhouse Hunting Club, Inc. v. Hoyt*, 183 A.3d 453, 458 (Pa. Super. Ct. 2018).

\* \* \*

For the foregoing reasons, we will dismiss Appeal No. 23-2826 for lack of appellate jurisdiction. In Appeal No. 23-2986, we will affirm the Bankruptcy Court's dismissal of the Amended Complaint with respect to PHH, and we will vacate the District Court's order with respect to the claims against TIAA and remand those claims to the District Court so it can enter a final order.

---

[5] Taggart also argues that he was denied due process because the Bankruptcy Court did not hold an evidentiary hearing on his Rule 12(b)(6) motion. That argument is baseless. *See In re Tribune Media Co.*, 902 F.3d 384, 397 (3d Cir. 2018).