J-A05025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHARLES GREENAWALT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STANLEY LAW OFFICES, LLP | : | No. 1018 WDA 2019 |

Appeal from the Order Entered June 10, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD No. 14-008808,
GD No. 14-008808

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                               **FILED JUNE 22, 2020**

Charles Greenawalt appeals from the June 10, 2019 order granting summary judgment in favor of Stanley Law Offices, LLP (the "Law Firm") in this legal malpractice action.  After review, we affirm.

Mr. Greenawalt commenced this action against the Law Firm on May 27, 2014, alleging that it provided negligent legal advice and representation when he sought guidance following a slip-and-fall accident that occurred while he was working as a union laborer in Rochester, New York, for Bristol Environmental, Inc. ("Bristol").  On December 14, 2009, while he was living in corporate housing provided by his employer, he slipped in the parking lot of the apartment complex as he was retrieving his car in order to drive himself and several fellow employees to work.  Although Mr. Greenawalt proceeded to

_____

[*] Retired Senior Judge assigned to the Superior Court.

work that day, he was unable to perform his duties. His supervisor assigned him to light duty work, but he was eventually laid off by Bristol.

On January 28, 2010, Mr. Greenawalt contacted the Law Firm, located in Syracuse, New York, to "discuss his potential legal claims." Complaint, 8/6/14, at ¶10. According to the complaint, the Law Firm agreed to represent him in a personal injury lawsuit against the owner of the apartment complex, and Mr. Greenawalt signed a contingent-fee retainer agreement on February 9, 2010. In the meantime, the Law Firm contacted Attorney Justin Lewis on February 4, 2010, and represented to him that Mr. Greenawalt had a potential worker's compensation claim, "but that New York did not have jurisdiction over the matter." *Id*. at ¶13. Attorney Lewis agreed to file a Pennsylvania worker's compensation claim on Mr. Greenawalt's behalf. *Id*. at ¶14.

On July 28, 2011, the Law Firm settled Mr. Greenawalt's personal injury action against the owner of the apartment complex for slightly over $9,000, satisfied the medical lien, and presented Mr. Greenawalt with a release that he executed. On December 29, 2011, the Pennsylvania worker's compensation judge ruled that Pennsylvania lacked jurisdiction over Mr. Greenawalt's worker's compensation claim. In response to this decision, Attorney Lewis filed a timely appeal on his client's behalf, and contacted the Law Firm about filing a worker's compensation claim in New York. The Law Firm agreed to do so, and filed and provided a copy of the January 12, 2012 worker's compensation claim to Attorney Lewis. Thereafter, despite Attorney Lewis's numerous

inquiries regarding the status of the New York worker's compensation claim, the Law Firm did not respond. *Id*. at ¶22.

On September 23, 2013, the Pennsylvania worker's compensation appeal board affirmed the judge's finding of no jurisdiction in Pennsylvania. That decision was affirmed by the Commonwealth Court of Pennsylvania on May 12, 2014. While those appeals were pending, Attorney Lewis requested numerous times that the Law Firm provide updates and additional documents pertaining to Mr. Greenawalt's New York worker's compensation claim, but the Law Firm did not respond to these inquiries.

On May 27, 2014, Attorney Lewis filed a *praecipe* for writ of summons on behalf of Mr. Greenawalt against the Law Firm in Allegheny County, Pennsylvania. The Law Firm advised Attorney Lewis on June 9, 2014, that the statute of limitations may have expired on the New York worker's compensation claim prior to its filing. Two days later, the Law Firm advised Mr. Greenawalt directly that it would withdraw from its representation of Mr. Greenawalt in the New York worker's compensation case if the legal malpractice action was not terminated.

Mr. Greenawalt filed a complaint against the Law Firm on August 5, 2014, and thereafter, the Law Firm withdrew from representation. Mr. Greenawalt's complaint alleged professional negligence in both the Law Firm's handling of his personal injury settlement and the New York worker's compensation claim. The Law Firm filed preliminary objections to the

complaint challenging venue and raising forum *non conveniens.* In addition, the Law Firm asserted multiple preliminary objections in the nature of a demurrer alleging that the malpractice complaint failed to state a claim. Specifically, the Law Firm pled that: (1) the negligence action for its handling of Mr. Greenawalt's personal injury settlement was legally barred; (2) the Law Firm owed no duty to Mr. Greenawalt with regard to the worker's compensation claim until after it agreed to file a claim in New York, and any negligence for failure to file that claim within the statute of limitations occurred prior to that agreement, and could not be the cause of loss; and (3) since the case was still pending, Mr. Greenawalt had not sustained any loss. After considerable discovery limited to the issues of venue and forum *non conveniens*, the trial court overruled all preliminary objections, with the exception of the Law Firm's demurrer to Mr. Greenawalt's claim that the Law Firm was negligent in its handling of his personal injury settlement.

The Law Firm subsequently moved for summary judgment regarding its alleged legal malpractice in the handling of the New York worker's compensation claim. By order dated June 10, 2019, the trial court granted summary judgment in favor of the Law Firm, and dismissed the case. The trial court concluded that Mr. Greenawalt failed to establish the necessary elements of a legal malpractice claim. Since the 2010 retainer agreement excluded any worker's compensation claims from the scope of representation, the trial court found no attorney-client relationship existed. Hence, it held that the Law Firm

owed no duty to Mr. Greenawalt with respect to those claims until January 2012, which was after the applicable two-year statute of limitations had run. It found further that the Law Firm acted with reasonable care while representing Mr. Greenawalt on the New York worker's compensation claim.

Mr. Greenawalt timely appealed to this Court and complied with Pa.R.A.P. 1925(b). He presents two issues for our review:

> A. Did the trial court commit an error of law in sustaining preliminary objections regarding [the Law Firm's] handling of the personal injury claim?
>
> B. Did the trial court commit an error of law in granting [the Law Firm's] motion for summary judgment?

Mr. Greenawalt's brief at 5-6.

Mr. Greenawalt first faults the trial court for "parsing" his one negligence count into two distinct claims, alleging that this "is an error of law." Appellant's brief at 15. He then contends that the court erred in sustaining the Law Firm's demurrer to his claim that it was negligent in its handling of his personal injury settlement.

In reviewing an order sustaining a demurrer, the following principles inform our analysis:

> A demurrer is an assertion that a complaint does not set forth a cause of action or a claim on which relief can be granted. A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences. In ruling on a demurrer, the court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint.

*Lerner v. Lerner*, 954 A.2d 1229, 1234-35 (Pa.Super. 2008) (citation and emphasis omitted). "The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Donaldson v. Davidson Bros.*, 144 A.3d 93, 100 (Pa.Super. 2016).

Our review of a trial court's order sustaining a demurrer is plenary. We examine the averments in the complaint and the documents attached thereto to evaluate the adequacy of the facts averred by a plaintiff and to assess the legal sufficiency of the complaint. *See Floors, Inc. v. Altig*, 963 A.2d 912, 915 (Pa.Super. 2009). We will affirm the trial court's order sustaining a demurrer only if, "assuming the facts in the complaint to be true, the plaintiff has failed to assert a legally cognizable cause of action. We will reverse a trial court's decision to sustain preliminary objections only if the trial court has committed an error of law or an abuse of discretion." *Am. Express Bank, FSB v. Martin*, 200 A.3d 87, 93 (Pa.Super. 2018).

The trial court sustained the demurrer to Mr. Greenawalt's claim that the Law Firm was negligent in its handling of the personal injury settlement based upon our Supreme Court's decision in *Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick*, 587 A.2d 1346 (Pa. 1991). In *Muhammad*, our High Court stated,

> we will not permit a suit to be filed by a dissatisfied plaintiff against
> his attorney following a settlement to which that plaintiff agreed,
> unless that plaintiff can show he was fraudulently induced to settle
> the original action. An action should not lie against an attorney
> for malpractice based on negligence and/or contract principles

> when that client has agreed to a settlement. Rather, only cases of fraud should be actionable.

*Id*. at 1348. In the case of fraudulent inducement, our High Court indicated that the client must allege fraud with specificity, which includes describing the acts claimed to be fraudulent. *Id*.

Mr. Greenawalt contends that his complaint contains specific allegations that the Law Firm lied to him about its pursuit of the personal injury case and then concealed the settlement from Attorney Lewis in order to prevent Mr. Greenawalt from making an informed decision.[1] He maintains that these allegations sound in fraud and are sufficiently specific to meet the pleading requirements set forth in Pa.R.C.P. 1019(b). Moreover, he suggests that in granting *allocatur* in **McGuire v. Russo**, 169 A.3d 567 (Pa. 2017), the Supreme Court signaled its willingness to overturn **Muhammad** and set a lower bar for post-settlement legal malpractice actions. Mr. Greenawalt also contends that his allegations that the Law Firm failed to advise him of the possible consequences of entering into the settlement satisfy the standard of **McMahon v. Shea**, 688 A.2d 1179 (Pa. 1997) (plurality) (limiting **Muhammad** to its facts, and permitting legal malpractice action seeking

---

[1] The allegation in the complaint is that the Law Firm told Attorney Lewis that it was not pursuing the personal injury case, which was purportedly not the truth. We note that any duty owed by the Law Firm was to its client, Mr. Greenawalt, not to Attorney Lewis.

redress for attorney's alleged negligence in failing to advise as to the controlling law applicable to a contract to proceed).

The Law Firm counters that the trial court correctly found that none of the allegations in Plaintiff's Complaint met the requirements of Rule 1019(b), requiring that allegations of fraud be pled with specificity.[2]  In addition, the Law Firm maintains that **Muhammad** has not lost its vitality and continues to constitute controlling law herein.  The Law Firm contends further that **McMahon** was only a plurality decision, and that it involved incorrect legal advice given by counsel to his client about the effect of an alimony agreement merging into the divorce decree.  Since Mr. Greenawalt did not plead that he received incorrect advice about the effect of the settlement, the Law Firm maintains that **McMahon** does not apply.

Preliminarily, we find no error in the trial court's separate treatment of the allegations of negligence against the Law Firm for its handling of the personal injury settlement and its negligent advice regarding the proper jurisdiction for the worker's compensation claim.  These claims are distinct and

---

[2] The Law Firm directs our attention to **Presbyterian Med. Ctr. v. Budd**, 832 A.2d 1066, 1072 (Pa.Super. 2003), defining the elements of fraud or intentional misrepresentation as: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." **Id**. (quoting Gibbs v. Ernst, 647 A.2d 882, 889 (1994) (citing Restatement (Second) of Torts §525 (1977))).

seek different relief. Arguably, under our pleading rules, the claims should have been pled in separate counts. *See* Pa.R.C.P. 1020(a) ("The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief."). Moreover, Mr. Greenawalt has not provided any authority in support of his claim that the trial court erred in this regard.

Next, we find that *Muhammad* is controlling as to whether Mr. Greenawalt's complaint states a claim against the Law Firm for its handling of his personal injury settlement. As our High Court reasoned, to permit negligence or breach of contract suits after a settlement has been accepted by the client would "create chaos in our civil litigation system." *Muhammad*, *supra* at 548. Furthermore, it would discourage settlements and increase the number of legal malpractice cases as "[l]awyers would be reluctant to settle a case for fear some enterprising attorney representing a disgruntled client will find a way to sue them for something that 'could have been done, but was not.'" *Id*.

Mr. Greenawalt styled his own pleading as one for negligence. While it is the facts pled that control, not the label, our review of the complaint reveals that the allegations with regard to the settlement of the personal injury case sound in negligence. Mr. Greenawalt alleged that the Law Firm was negligent in settling the personal injury case and resolving the lien in the following

respects: without considering the Pennsylvania worker's compensation claim so Mr. Greenawalt could not make an informed decision; without talking to Attorney Lewis; settling for less than the damages; failing to pursue any damages other than the insurance policy; and failing to supervise non-lawyers who worked on the personal injury case. *See* Complaint, 8/6/14, at ¶54. Mr. Greenawalt complained that "Plaintiff had a significant personal injury claim but the negligent actions and/or inactions of Defendant Law Offices were the factual cause of Plaintiff being prevented from obtaining damages in a case where he otherwise had a strong opportunity to prevail." *Id*. at ¶57. In short, this is the type of "Monday-morning quarterback" claim that the ***Muhammad*** Court found was "based on speculative harm." ***Muhammad***, ***supra*** at 1352. As fraud was not specifically pled, the claim of legal malpractice based on the settlement is precluded under ***Muhammad***.

Furthermore, to the extent ***McMahon*** carves out an exception to ***Muhammad***, Mr. Greenawalt has not demonstrated its applicability to the facts herein. In that divorce proceeding, McMahon followed his counsel's advice and entered into a stipulation to incorporate, but not merge, an alimony agreement into the final divorce decree. When his ex-wife remarried two months later, McMahon filed a motion to terminate alimony. The trial court denied the request because the agreement survived the divorce due to the lack of merger. McMahon initiated a legal malpractice claim alleging that his divorce counsel provided negligent advice. Relying on ***Muhammad***, the trial court

sustained McMahon's counsel's demurrer and dismissed the complaint. This Court, sitting *en banc*, reversed the trial court, finding that the policy set forth in **Muhammad** was not implicated where an attorney's alleged negligence did not involve the exercise of "judgment regarding the amount to be accepted or paid in settlement, but rather lies in the failure to advise a client of well[-]established principles of law and the impact of a written agreement." **McMahon**, **supra** at 1181.

The Supreme Court affirmed our decision, but was unable to achieve a majority. The opinion announcing the judgment of the Court limited **Muhammad** to its facts, and found it inapplicable where McMahon was merely "seeking redress for his attorney's negligence in failing to advise him as to the controlling law applicable to a contract." **Id**. at 1182. In his concurring opinion, Justice Cappy agreed with the analytical distinction between a legal malpractice claim based on a challenge to an attorney's professional judgment regarding an amount to be accepted in settlement of a claim as in **Muhammad**, and a challenge to an attorney's failure to correctly advise his client about well-established principles of law in settling a case as in **McMahon**. **Id**. **See also Goodman v. Kotzen,** 647 A.2d 247, 250 (Pa.Super. 1994) (finding **Muhammad** controlling where the alleged negligence consists of "advising and representing [a client] and in negotiating for him the terms of [a] settlement").

Mr. Greenawalt agreed to the settlement of his personal injury lawsuit and signed a release. In contrast to the situation in **McMahon**, there are no

allegations that the Law Firm misstated the law or the facts regarding the effect of the settlement. Nor are there any allegations that the Law Firm fraudulently misrepresented facts or the law in order to induce Mr. Greenawalt to settle the case. Rather, Mr. Greenawalt is attacking the adequacy of the financial settlement after the fact, the very situation **Muhammad** was intended to preclude. Accordingly, the trial court properly sustained the demurrer with regard to Mr. Greenawalt's negligence claims involving the personal injury settlement.

We turn now to Mr. Greenawalt's contention that the trial court erred in entering summary judgment with regard to his claim that the Law Firm was negligent in its handling of his worker's compensation case. As our Supreme Court has declared on numerous occasions

> "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." **Atcovitz v. Gulph Mills Tennis Club, Inc.**, 571 Pa. 580, 812 A.2d 1218, 1221 (Pa. 2002); Pa.C.P. No. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. **Toy v. Metropolitan Life Ins. Co.**, 593 Pa. 20, 928 A.2d 186, 195 (Pa. 2007). In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt." **Id**.

**Summers v. Certainteed Corp.**, 997 A.2d 1152, 1159-1160 (Pa. 2010). A grant of summary judgment may be reversed by an appellate court only if there has been an error of law. The question whether there are genuine issues

of material fact is a question of law, and therefore, our standard of review is *de novo*. We may resolve that question in the context of the entire record. **Weaver v. Lancaster Newspapers, Inc.**, 926 A.2d 899, 903 (Pa. 2007).

In order to prove legal malpractice, an allegedly aggrieved client must establish three elements:

1. The employment of the attorney or other basis for duty;

2. The failure of the attorney to exercise ordinary skill and knowledge; and

3. That such negligence was the proximate cause of damage to the plaintiff.

**Rutyna v. Schweers**, 177 A.3d 927, 929 n.3 (Pa.Super 2018) (quoting **Rizzo v. Haines**, 555 A.2d 58, 65 (Pa. 1989)) (quotation marks omitted).

Mr. Greenawalt maintains that, although the Law Firm was not initially bound by the retainer agreement to pursue a worker's compensation claim on his behalf, it did assist him with that claim. Specifically, it advised him that New York did not have jurisdiction over the claim, and referred Mr. Greenawalt to Attorney Lewis in Pennsylvania. Mr. Greenawalt argues that the language in the retainer agreement to the effect that the Law Firm was not bound to assist in a related worker's compensation case did not preclude such assistance.[3] Moreover, it did not specifically absolve the Law Firm of a duty to

_____

[3] Mr. Greenawalt points out that the Law Firm did not have him sign a new retainer agreement when it filed the New York worker's compensation claim. However, the certified record contains a completed the Notice of Appearance and Retainer Form (OC-400), signed by Mr. Greenawalt, and dated January 18, 2012.

- 13 -

provide reasonable advice as a matter of law should it provide such assistance. *See* Appellant's brief at 18.

Furthermore, in concluding that employment of the Law Firm to pursue the worker's compensation case was a prerequisite to a duty to provide competent legal advice regarding the possibility of such an action, Mr. Greenawalt alleges that the trial court failed to take the facts pled and the reasonable inferences therefrom in the light most favorable to him as the non-moving party. Moreover, Mr. Greenawalt contends that there are genuine issues of fact as to whether the Law Firm acted with reasonable care after it was officially retained to file the workers' compensation claim that would preclude summary judgment as a matter of law.[4]

As we reiterated in *Althaus by Althaus v. Cohen*, 710 A.2d 1147, 1152 (Pa.Super. 1998), whether a legal duty exists under a particular set of facts is generally a legal question for the trial court. The trial court found the Law Firm owed Mr. Greenawalt no duty in 2010 with regard to a worker's compensation case because the retainer did not bind the Law Firm to represent Mr. Greenawalt in that matter. It provided in pertinent part:

> CLAIMS NOT INCLUDED. This agreement does not bind STANLEY LAW OFFICES to assist in any related Property Damage, Worker's Compensation or Disability Insurance or other such or similar insurance or other claims if, at STANLEY LAW OFFICES option,

---

[4] Mr. Greenawalt complains that the Law Firm concealed the possible statute-of-limitations problem from him and his Pennsylvania counsel. He fails to elaborate, however, how concealment alone could have caused any loss or injury for purposes of this legal malpractice action.

STANLEY LAW OFFICES do assist the undersigned with any such claim, STANLEY LAW OFFICES may charge the undersigned for any such services performed at STANLEY LAW OFFICES then current hourly rates and I will promptly pay STANLEY LAW OFFICES for such services . . .
.

Contingent Fee Retainer Agreement, 2/9/10, at 1.

We note that Mr. Greenawalt provided uncontroverted testimony in his deposition that the Law Firm referred him to Attorney Lewis after concluding that a worker's compensation claim would have to be pursued in Pennsylvania, rather than in New York. According to Attorney Lewis, a similar representation was made to him by the Law Firm as the reason for this referral. Thus, while the Law Firm did not expressly undertake to represent Mr. Greenawalt on the worker's compensation claim, it **did** provide legal advice and procure Pennsylvania counsel to pursue such a claim in Pennsylvania on or about February 4, 2010, several days prior to the execution of the retainer agreement.

Although the retainer agreement attempted to limit the Law Firm's representation to the personal injury lawsuit, it did not expressly rule out the possibility that the Law Firm would assist or render advice on other claims. Thus, to the extent the Law Firm assisted Mr. Greenawalt with the worker's compensation matter, it owed a duty to provide reasonably competent advice. Genuine issues of fact remain as to whether the Law Firm's advice was reasonably competent. "An attorney will be found to have been negligent if he or she has failed to use that ordinary skill, knowledge, and care which would

normally be possessed and exercised under the circumstances by members of the legal profession." *See* Restatement (Second) of Torts, § 299A(2) (1988 edition).

The trial court found as a matter of law that the Law Firm acted with reasonable care. In so concluding, the trial court ignored the evidence that the Law Firm advised Mr. Greenawalt in 2010 that jurisdiction of a worker's compensation action lay in Pennsylvania, not in New York. For the reasons *supra*, we find that the Law Firm may be subject to liability if it failed to give competent advice in this regard. The trial court did not consider Mr. Greenawalt's allegations that once the claim was filed, the Law Firm relegated it to unsupervised paralegals who, for more than two years, did nothing to move it to resolution. In determining as a matter of law that the Law Firm acted reasonably, the trial court looked solely to the period between the Commonwealth Court's affirmance of dismissal of the Pennsylvania worker's compensation claim on May 12, 2014, and Mr. Greenawalt's initiation of a legal malpractice lawsuit against the Law Firm by filing a *praecipe* on May 21, 2014, a nine-day period, and concluded that the Law Firm provided reasonable and competent representation during that time as a matter of law.

We perceive of no reason why the trial court chose to restrict its inquiry to that limited period, except that the trial court appears to have concluded that the Law Firm had no duty to actively pursue the New York claim until the

Pennsylvania claim was finally dismissed.[5]  With regard to the Law Firm's 2010 advice regarding the proper jurisdiction for a worker's compensation claim, as well as its alleged lack of diligence during the two years it admittedly represented Mr. Greenawalt, we find that there were genuine issues of material fact as to whether the Law Firm acted with reasonable care that precluded the grant of summary judgment as a matter of law.

Nonetheless, we find that summary judgment was appropriate on an alternate basis.  The Law Firm separately sought summary judgment because Mr. Greenawalt has not sustained any loss.  The trial court did not address this basis for summary judgment, but we find it dispositive.  According to the parties, the worker's compensation claim is still pending in New York.[6]  It remains to be seen whether the New York claim is barred by the statute of limitations, and whether Mr. Greenawalt may yet prevail on his claim and be entitled to benefits in that jurisdiction.  Hence, the legal malpractice action

---

[5] The trial court reasoned: "It is clear that [the Law Firm] has acted with reasonable care while representing the New York compensation claim pending the outcome of the Pennsylvania conclusion, as only nine (9) days later [the Law Firm] was sued for malpractice and consequently necessitated its withdrawal as [Mr. Greenawalt's] counsel." Trial Court Opinion, 10/9/19, at 4.

[6] The Law Firm indicated in its brief in support of summary judgment that the statute of limitations will not bar a worker's compensation claim in New York if the employer is aware of the work-related injury prior to the expiration of the statute, as was the case herein.  Not only did Mr. Greenawalt inform his employer of his injury on the day it happened, and complete paperwork to that effect, the employer defended the worker's compensation claim in Pennsylvania on the basis of no jurisdiction.

premised on the Law Firm's advice regarding a worker's compensation case, which resulted in its possibly untimely filing in New York, is premature. There has been no determination in the case; thus, any negligence in this regard has not resulted in the denial of benefits, which is an ascertainable loss. **See Rizzo**, **supra** at 60 (reiterating that "[t]he mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm -- not yet realized -- does not suffice to create a cause of action for negligence.").

Mr. Greenawalt also alleged, however, that "If Plaintiff's New York worker's compensation claim is not time-barred and has not been dismissed, then Plaintiff has suffered a nine-plus year delay in benefits and – most importantly - medical treatment." Appellant's brief at 19-20. However, the record details the medical treatment that Mr. Greenawalt sought and received for his injury. **See** Deposition of Charles Greenawalt, 5/13/17, at 12, 24-28, 76-79. He did not assert, and certainly did not establish, that due to a lack of worker's compensation benefits, he did not undergo necessary medical treatment. Furthermore, Mr. Greenawalt has offered no proof that any negligence on the part of the Law Firm caused nine-plus years of delay in receiving benefits. In fact, six years have elapsed since the Law Firm withdrew from representation. Mr. Greenawalt has not retained new counsel or taken any steps to pursue the pending claim. **Id**. at 73. Attorney Lewis confirmed that he did not take any action to find other counsel to represent Mr.

Greenawalt on his New York claim. **See** Deposition of Justin Lewis, Esquire, 11/9/17, at 35. Such inaction tends to undercut Mr. Greenawalt's claim that all loss occasioned by the delay in receiving benefits is the fault of the Law Firm. Moreover, such a theory is predicated on proof that Mr. Greenawalt is entitled to receive worker's compensation benefits in New York, a fact Mr. Greenawalt has done nothing to establish.[7]

Should the claim ultimately be dismissed in New York as untimely filed, the issue of whether the Law Firm was negligent in advising Mr. Greenawalt that jurisdiction of the worker's compensation claim lay in Pennsylvania rather than New York would become ripe. Even then, however, Mr. Greenawalt will have to prove that, absent the delay in filing the claim in New York, he would have prevailed on his claim for worker's compensation benefits in that state. Since he has offered no proof of loss beyond mere allegations in the pleadings, we affirm the grant of summary judgment on that basis.[8]

Order affirmed.

---

[7] In opposition to summary judgment, Mr. Greenawalt did not attach any documentation in support of his claims. "Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." **Finder v. Crawford**, 167 A.3d 40, 44 (Pa.Super. 2017).

[8] We may affirm on any basis supported by the record. **Hassel v. Franzi**, 207 A.3d 939, 957 n.19 (Pa.Super. 2019) (affirming that this Court holding is not limited by the trial court's rationale and may affirm its decision on any basis).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/22/2020